IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DARNELL CORBIN** and **SHANEEN DAVIS** | : : : | CIVIL ACTION |
| v. | : : | |
| **HM DISTRIBUTION LLC a/k/a TAOS GLOBAL GROUP** and **ZHONGBIN GAO** | : : | NO. 22-2759 |

**MEMORANDUM**

**Savage, J.**                                                                                     **August 11, 2022**

In removing this action from the state court, defendants Zhongbin Gao ("Gao") and HM Distribution LLC, a/k/a Toas Global Group ("HM"), assert that the federal court has subject-matter jurisdiction based on diversity of citizenship pursuant to 28 U.S.C. §§ 1332(a), 1441 and 1446. Because neither the complaint nor the notice of removal sets forth facts establishing diversity jurisdiction, we shall remand this action.

A defendant removing a case from state court under § 1332(a) bears the burden of demonstrating, by a preponderance of the evidence, that the opposing parties are citizens of different states and the amount in controversy exceeds $75,000.00. *GBForefront, L.P. v. Forefront Mgmt. Grp., LLC*, 888 F.3d 29, 34 (3d Cir. 2018). Removal statutes are strictly construed against removal, and all doubts are resolved in favor of remand. *A.S. ex rel. Miller v. SmithKline Beecham Corp.*, 769 F.3d 204, 208 (3d Cir. 2014) (citation omitted); *Brown v. JEVIC*, 575 F.3d 322, 326 (3d Cir. 2009).

The defendants rely solely on the allegations in the complaint to show the state of citizenship of each party. Instead of identifying the citizenship of the individual parties, the complaint references their residences. With respect to the plaintiffs' citizenship, the

removal notice avers: "Pursuant to the Complaint, the two plaintiffs . . . are residents of . . . Pennsylvania residing in Philadelphia."[1]  The notice states that "[a]ccording to the Complaint, Gao currently resides . . . [in] Flushing, NY."[2]

Regarding HM, the defendants assert that "[a]ccording to the Complaint, HM has its principal place of business . . . [in] Chicago, IL."[3]  They ignore the allegation that HM is "a business organized and existing under the laws of the Commonwealth of Pennsylvania."[4]  They also fail to acknowledge that the caption of the complaint identifies HM as a limited liability company.  In their Answer to the Complaint filed after removal, the defendants deny the same allegations they relied upon in removing the case.[5]

As the proponent of diversity jurisdiction, the removing defendants have the burden of establishing jurisdiction.  *In re Lipitor Antitrust Litig.*, 855 F.3d 126, 150 (3d Cir. 2017) (citation omitted).  Yet, they do not allege sufficient facts showing the citizenship of any party.  For purposes of establishing jurisdiction, a natural person is deemed to be a citizen of the state where he is domiciled.  *Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 104 (3d Cir. 2015).  Residency in a state is insufficient to establish citizenship of an individual.  *GBForefront, L.P.*, 888 F.3d at 35 (citing *McNair v. Synapse Grp. Inc.*, 672 F.3d 213, 219 n.4 (3d Cir. 2012) (allegations pertaining solely to a litigant's "residency,"

---

[1] *See* Notice of Removal of Action Pursuant to 28 U.S.C. § 1441 (Doc. No. 1) ¶¶ 2, 5 (citing Compl. (Doc. No. 1–4) ¶¶ 1–2).

[2] *Id.* ¶ 4 (citing Compl. ¶ 4).

[3] *Id.* ¶ 3 (citing Compl. ¶ 3).

[4] Compl. ¶ 3.

[5] *See* Defs.' Answers and Affirmative Defenses (Doc. No. 6) ¶¶ 3, 4.

as opposed to "citizenship" or "domicile," are "jurisdictionally inadequate in [a] diversity of citizenship case)).

Relying solely on the allegations in the complaint, the defendants assert that the plaintiffs "reside" in Pennsylvania and Gao "resides" in New York. Because residency in a state is insufficient to establish citizenship, *see GBForefront, L.P.*, 888 F.3d at 35, they have not alleged facts identifying the states of citizenship of the plaintiffs or Gao.

Nor have they alleged facts establishing the citizenship of HM. It is uncertain whether HM is a corporation or a limited liability company. A limited liability company is treated as a citizen of every state in which its members are citizens. *Lincoln Ben. Life Co.*, 800 F.3d at 105 (citing *Zambelli Fireworks Mfg. Co., Inc. v. Wood*, 592 F.3d 412, 420 (3d Cir. 2010)). Yet, the removal notice provides no facts about HM's members and their states of citizenship. The state of organization and the principal place of business of a limited liability company "are legally irrelevant" for determining its citizenship. *Lincoln Ben. Life Co.*, 800 F.3d at 104-05 (citing *Carden v. Arkoma Associates*, 494 U.S. 185, 192, 196-97 (1990)). Hence, we cannot determine HM's citizenship.

If HM is a Pennsylvania corporation or other Pennsylvania entity and the plaintiffs are Pennsylvania citizens, there is no diversity jurisdiction. Additionally, as a home-state defendant, HM may not remove the action under the forum-defendant rule. *See* 28 U.S.C. § 1441(b)(2).

Because we cannot determine the citizenship of any party, we are unable to conclude that there is diversity of citizenship. Therefore, because we do not have subject-matter jurisdiction, we shall remand this case.